# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DICK PARKER**                                                                    **PETITIONER**

v.                                                                 No. 3:05CV148-D-A

**LEPHER JENKINS, ET AL.**                                           **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Dick Parker for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed; the petitioner has not responded, and the time for response has expired. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

The petitioner was convicted for sale of cocaine within 1500 feet of a school in the Circuit Court of Calhoun County, Mississippi. He was sentenced to serve a term of thirty years as a habitual offender in the custody of the Mississippi Department of Corrections. On December 3, 1996, the Mississippi Court of Appeals affirmed the petitioner's conviction and sentence. *Parker v. State,* — So. 2d — (Miss. App. 1996) (Cause No. 93-KA-00946-COA consolidated with 93-KA-1020-COA). Parker's petition for rehearing was denied on February 11, 1997. The Mississippi Supreme Court denied the his petition for writ of certiorari on April 3, 1997. The petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court.

On April 14, 1997, the petitioner filed an application for post-conviction relief in the Mississippi Supreme Court, which denied that application July 18, 1997. On September 22, 2005, Parker filed an "Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court. Parker's application was denied October 25, 2005. He filed the instant federal petition for a writ of *habeas corpus* on November 22, 2005; he signed the petition November 15, 2005.

## Discussion

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

As an initial matter, the petitioner argues that United States Supreme Court decisions *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *Apprendi v. New Jersey,* 530 U.S. 466, 120

S.Ct. 2348, 147 L.Ed.2d 435 (2000), act as "intervening decisions" and that his claim in the instant petition challenging the habitual offender portion of his sentence would be governed by § 2241(d)(1)(C) (one-year federal clock begins when the United States Supreme Court recognizes a new constitutional right and applies that right retroactively). These cases do not, however, alter the proof required under a habitual or subsequent offender statute and therefore do not recognize a new constitutional right applicable to the petitioner's case. *Apprendi*, 530 U.S. at 490. As such, the court shall analyze the timing issues of this case under 28 U.S.C. § 2241(d)(1)(A).

The petitioner's judgment became final on July 2, 1997, ninety days after the April 3, 1997, final decision in state court. *Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003); 28 U.S.C. § 2101; *Bell v. Maryland,* 378 U.S. 226, 232 (1964)) (time period in which petitioner could file a petition for writ of *certiorari* to Supreme Court must be considered in calculating date on which judgment becomes final). The petitioner's April 14, 1997, application for post-conviction relief waw filed after the state court entered final judgment, but before that judgment became "final" for the purposes of federal *habeas corpus* relief. The application for post-conviction relief tolled the one-year statute from the date it began until the application was dismissed July 18, 1997, leaving an entire year from that date for the petitioner to file his federal petition for a writ of *habeas corpus*. Thus, the deadline for the petition to file his federal petition on July 18, 1998.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was

filed sometime between the date it was signed on November 15, 2005, and the date it was received and stamped as "filed" in the district court on November 22, 2005. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 2,677 days after the July 18, 1997, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of May, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE